IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:16-CT-03126-D

**Danielle Star Maldonado-Reynolds,**

                Plaintiff,

v.

**NC Department of Public Safety**, *et al.*,

                Defendants.

**Order &
Memorandum & Recommendation**

Plaintiff Danielle Star Maldonado-Reynolds ("Maldonado-Reynolds" or "plaintiff"), commenced this pro se civil action on May 26, 2016 alleging various violations of her constitutional and statutory rights by the North Carolina Department of Public Safety, Director of Prisons George T. Solomon, Secretary the Department of Public Safety Frank Perry, and North Carolina Governor Pat McCrory.[1] This matter is currently before the court for the screening required by the Prison Litigation Reform Act ("PLRA"). Also before the court is Maldonado-Reynolds' motion for leave to conduct discovery (D.E. 6). For the following reasons, Maldonado-Reynolds's motion for leave to conduct discovery is denied, and the undersigned magistrate judge recommends that the district court dismiss Maldonado-Reynolds' claims.

**I.    Motion for Leave to Conduct Discovery**

Maldonado-Reynolds has filed a motion for leave to conduct discovery (D.E. 6). Given that Maldonado-Reynolds has not served the Defendants with a summons and a copy of the complaint, any discovery requests are premature. Moreover, discovery requests must be made

---

[1] Maldonado-Reynolds filed an amended complaint on June 8, 2016 in response to an order of deficiency. Am. Compl., D.E. 4.

1

directly to defendants. For these reasons, Maldonado-Reynolds' motion for leave to conduct discovery (D.E. 6) is denied.

## II.  Screening Pursuant to the Prison Litigation Reform Act.

The PLRA requires courts to review, prior to docketing, actions filed by prisoners against governmental entities or officials. 28 U.S.C. § 1915A(a). The purpose of this review is to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. The court must examine the pleadings, identify cognizable claims, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke* v. *Williams*, 490 U.S. 319, 325 (1989). A cause of action is legally frivolous if it is "based upon an indisputably meritless legal theory and include[s] claims of infringement of a legal interest which clearly does not exist." *Adams* v. *Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton* v. *Hernandez*, 504 U.S. 25, 32–33 (1992).

### A.  Eleventh Amendment Immunity

Maldonado-Reynolds names the North Carolina Department of Public Safety ("DPS") as a defendant. The Eleventh Amendment bars suits against a state or its agencies, unless the state has waived its immunity, or Congress has exercised its power under section 5 of the Fourteenth Amendment to override that immunity. *See Will* v. *Michigan Dept of State Police*, 491 U.S. 58, 66 (1989); *Gray* v. *Laws*, 51 F.3d 426, 430 (4th Cir. 1995). Congress has not imposed section

2

1983 liability upon states, and "North Carolina has done nothing to waive its immunity." *Bright* v. *McClure*, 865 F.2d 623, 626 (4th Cir. 1989). Additionally, arms of the state, such as the DPS, are not persons for the purposes of § 1983. *See Weller* v. *Dep't of Soc. Servs. for the City of Baltimore*, 901 F.2d 387, 396 (4th Cir. 1990) (citing *Will*, 491 U.S. 58).

For these reasons, the undersigned recommends that Maldonado-Reynolds' claims against DPS be dismissed.

### B. Supervisory Liability

Maldonado-Reynolds names Solomon, Perry, and McCrory as defendants solely in their supervisory capacity. Liability under § 1983 must be based on more than merely the right to control employees. *Polk Co.* v. *Dodson*, 454 U.S. 312, 325–26 (1981); *Monell* v. *New York City Dep't of Soc. Servs.* 436 U.S. 658, 691–93 (1978). A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See, e.g.*, *Leach* v. *Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Bellamy* v. *Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Hays* v. *Jefferson Co., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). Supervisory officials can be held liable for the acts of their subordinates only if a plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of the plaintiff's federal rights. *See, e.g.*, *Leach*, 891 F.2d at 1246; *Hayes* v. *Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). Here, Maldonado-Reynolds has not established any causal link between some purported supervisory inaction by defendants Solomon, Perry, and McCrory and the infringement of her constitutional rights.

3

For these reasons, the undersigned recommends that Maldonado-Reynolds' claims against defendants Solomon, Perry, and McCrory be dismissed.

**C.    FTCA and HIPAA**

Maldonado-Reynolds purports to raise a claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2672, *et seq*. Am. Compl. at 2, D.E. 4. However, the only proper defendant in an FTCA claim is the United States. *See F.D.I.C.* v. *Meyer*, 510 U.S. 471, 477 (1994); *Jackson* v. *Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Maron* v. *United States*, 126 F.3d 317, 321–22 (4th Cir. 1997); 28 U.S.C. §1346(b). As Maldonado-Reynolds is pursuing claims against state authorities, and not federal authorities, she cannot maintain an FTCA claim.

Similarly, Maldonado-Reynolds also alleges a claim pursuant to to the Health Insurance Portability and Accountability Act ("HIPAA"). Am. Compl. at 5, 7, D.E. 4. However, HIPAA does not confer a private right of action. *Johnson* v. *United States*, No. 315CV00556RJCDSC, 2016 WL 2757609, at *5 (W.D.N.C. Mar. 24, 2016), *report and recommendation adopted*, No. 315CV00556RJCDSC, 2016 WL 2627043 (W.D.N.C. May 9, 2016); *Melvin* v. *Naylor*, No. 5:14-CV-486-BO, 2015 WL 7176351, at *4 (E.D.N.C. Nov. 13, 2015), *aff'd*, No. 16-1205, 2016 WL 5682570 (4th Cir. Oct. 3, 2016).

Accordingly, the undersigned recommends that Maldonado-Reynolds' FTCA and HIPAA claims be dismissed.

**D.    Deliberate Indifference**

The crux of Maldonado-Reynolds' Complaint is that she disagrees with the medical treatment she received while she was incarcerated at the North Carolina Correctional Institute for Women ("NCCIW"). Compl. at 5-8, D.E. 1. In order to prove a deliberate indifference claim,

4

Maldonado-Reynolds "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [her] 'serious medical needs' (objective)." *Iko* v. *Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Estelle* v. *Gamble*, 429 U.S. 97, 104 (1976)). Unless medical needs were serious or life threatening and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. *Estelle*, 429 U.S. at 105.

Maldonado-Reynolds has not established a claim for deliberate indifference to a serious medical need. Specifically, she contends that she suffers from "symptoms of: chest pains, numbness in arms, distended veins, sudden severe onset of headache, dizziness, nausea, weakness, buckling of knees, pulsating in face/teeth, and taste as well as smell of metal and saline and chlorine." Am. Compl. at 5, D.E. 4. Assuming that these symptoms were "serious or life threatening", Maldonado-Reynolds concedes that received treatment for these symptoms on a regular basis. Indeed, Maldonado-Reynolds has attached portions of her medical records as an exhibit to her Complaint. Pl. Ex. D.E. 4-1. These records indicate that she frequently and consistently received treatment for her medical complaints. For example, Maldonado-Reynolds was diagnosed with anxiety and placed on psychotropic drugs. Am. Compl. at 5, D.E. 4. In May 2016, she was tested for diabetes. *Id.* The results of the blood tests for diabetes were normal. *Id.* at 6. Maldonado-Reynolds was also placed on a heart monitor and referred to a cardiologist. *Id.*

Therefore, it is clear Maldonado-Reynolds received medical treatment for her medical conditions. Her claims consist of complaints that she was not permitted to choose her course of treatment coupled with allegations of negligence. Specifically, she complains that she was examined by a physician, but not the physician of her choice. Am. Compl. at 5, 7, D.E. 4.

5

Maldonado-Reynolds also contends that a doctor employed by DPS incorrectly interpreted her heart monitor readings. *Id.* at 6.

A prisoner is not entitled to choose her course of treatment. *See Russell* v. *Sheffer*, 528 F.2d 318, 318–19 (4th Cir. 1975) (per curiam). Likewise, an inmate is not entitled to unqualified access to health care and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate. *Bowring* v. *Godwin*, 551 F.2d 44, 47–48 (4th Cir. 1977). Therefore, "[d]isagreements over medications, diagnostic techniques, forms of treatment, the need for specialists, and the timing of their intervention implicate medical judgments and not the Eighth Amendment." *Jordan* v. *Fischer*, 773 F. Supp. 2d 255, 276 (N.D.N.Y. 2011); *see Estelle*, 429 U.S. at 105–06. Finally, mere negligence in diagnosis or treatment does not state a constitutional claim. *Estelle*, 429 U.S. at 105–06.

Accordingly, the undersigned recommends that Maldonado-Reynolds's claim that prison officials were deliberately indifferent to her serious medical needs be dismissed.

### E. Conditions of Confinement

Maldonado-Reynolds also contends that "[l]iving and sanitation conditions [were] a severely bad issue in the facility" in which she was incarcerated. Am. Compl. at 7, D.E. 4. Jail officials violate the Fourteenth Amendment when they are deliberately indifferent to adverse conditions that deny "the minimal civilized measure of life's necessities." *Budd* v. *Motley*, 711 F.3d 840, 842 (7th Cir. 2013). However, to succeed on such a claim, a plaintiff "must clear a 'high bar' by demonstrating 'extreme deprivations.'" *Ellis* v. *Pierce Cnty., Ga.*, 415 F. App'x 215, 217 (11th Cir. 2011). The allegations in this case fall far short of this high bar. *See Beverati* v. *Smith*, 120 F.3d 500 (4th Cir. 1997) (holding that administrative segregation for six months

6

with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship); *see also, Harris* v. *Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) ("Inmates cannot expect the amenities, conveniences and services of a good hotel."); *Smith* v. *Does*, No. 5:06–cv–00065, 2009 WL 305099 at *4–5 (S.D.W. Va. Feb. 6, 2009) (holding that complaints by inmates in 12–man bubble cells that they had inadequate ventilation, no desk or chair, inadequate space between beds, inadequate head space for inmates on top bunk, poor lighting, poor inmate hygiene resulting in offensive odor in the bubble housing areas, and other complaints, were not violations of the Eighth Amendment); *Gallishaw* v. *Reed*, No. 9:09–2566–CMC–BM, 2010 WL 2622931, at * (D.S.C. May 28, 2010) ("During the time period set forth in the complaint, Plaintiff was a prisoner in a state correctional facility, not a hotel. It should be expected that conditions in such a setting are oftentimes less than ideal.") (citations omitted), *aff'd*, 397 F. App'x 852 (4th Cir. 2010).

Furthermore, Maldonado-Reynolds has also failed to present evidence that she sustained a significant physical or emotional injury as a result of her "living and sanitation conditions." *See White* v. *Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) (prisoner's Eighth Amendment claim should be dismissed if he fails to allege a serious physical or mental injury resulting from the conditions of confinement); *see also, Fleming* v. *Francis*, No. 5:13-cv-21991, 2014 WL 2589755, at * (S.D.W. Va. June 10, 2014) (finding that plaintiff failed to state an Eighth Amendment claim where he failed to allege significant physical or emotional injury resulting from the challenged prison conditions) (citations omitted).

7

Accordingly, the undersigned recommends that Maldonado-Reynolds' claim that she was subjected to unconstitutional conditions of confinement be dismissed.

### F. Injunctive Relief

Finally, Maldonado-Reynolds only seeks injunctive relief. Am. Compl. at 8, D.E. 4. At the time Maldonado-Reynolds filed her complaint, she was incarcerated at NCCIW. *Id.* at 5. However, she has since been released from custody. *See* N.C. Dep't of Pub. Safety, Offender Pub. Info., (search by inmate number); Notices of Change of Address, D.E. 9, 11, 18.

When a prisoner is no longer subject to the alleged unconstitutional condition, claims for injunctive and declaratory relief are moot. *See Rendelman* v. *Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."); *Rankins* v. *Rowland*, 200 F. App'x 207, 208 (4th Cir. Aug. 29, 2006); *see also, Saguilan* v. *Bullock*, No. 1:07CV29, 2010 WL 3260158, at *2 (M.D.N.C. Aug. 16, 2010) ("Alternatively, Defendants are entitled to summary judgment on grounds of mootness due to Plaintiff's release from state custody, given that the Complaint seeks only injunctive and/or declaratory relief.").

Accordingly, the undersigned recommends that Maldonado-Reynolds' claims be dismissed because her requests for injunctive relief are moot.

### III. Conclusion

As discussed above, Maldonado-Reynolds's motion for leave to conduct discovery is DENIED (D.E. 6).

Furthermore, the undersigned magistrate judge recommends that the district court dismiss Maldonado-Reynolds' claims.

The Clerk of Court shall serve a copy of this Memorandum and Recommendation on plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on him to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, she will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright* v. *Collins***, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: January 3, 2017

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE

9